UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
COURT FILE NO:  CV-

| | | |
|---|---|---|
| **VICTORIA BURNS** | ) | |
|         **Plaintiff** | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **ASSET ACCEPTANCE, LLC.** | ) | |
| | ) | |
|         **Defendant** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendant transacts business within this District.

**II. PARTIES**

3. Plaintiff, Victoria Burns ("Plaintiff"), is a natural person residing at 604 Northside Drive, Wilmington, Delaware 19809 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.  Defendant Asset Acceptance, LLC ("Asset") is upon information and belief, a corporation located at P.O. Box 2036, Warren, Michigan 48090 and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

6.  Defendant, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due, asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III.  FACTUAL ALLEGATIONS

7.  In or about December, 2012, Plaintiff discovered a derogatory entry by Defendant Asset on her credit report. In or about December, 2012, Plaintiff subsequently called and spoke to Defendant Asset's employee, who identified himself as David Martin ("Martin"), to inquire about the entry.

8.  Plaintiff was told by Martin that they "had the GE Money account [Plaintiff] didn't pay" and that the balance was $3,863.79.  Plaintiff, unaware of the alleged debt, asked Mr. Martin for documentation of the alleged debt, because the derogatory entry on her credit report was her only record of the debt.

9.  Plaintiff also told Martin that if there was clear documentation that she owed the debt, and that Asset owned the account, then Plaintiff would make an offer in compromise to settle

the debt; however, she would do so only with the approval of Plaintiff's attorney.

10. Martin reacted (by becoming hostile as he yelled at Plaintiff that there would be no compromise) to the point where Plaintiff hung up the telephone.

11. On or about December 21, 2012, Plaintiff made another telephone call to Defendant Asset and this time spoke to an employee of the Defendant who identified himself as "Oliver".

12. Oliver immediately attempted to negotiate a deal with Plaintiff regarding the alleged debt.

13. Although Oliver at first asked for $1159.14, after a more few phone calls, Oliver told Plaintiff he would accept $772.00 as settlement of the alleged debt, but he wanted immediate payment.

14. Plaintiff, once again, requested a letter detailing who Asset was and how Asset was connected to the GE Money Account.

15. Plaintiff also told Asset that any deal would be contingent upon her attorney's review and confirmation of the information in the letter, and that there was no deal until this occurred.

16. Oliver responded by stating that the deal was only good for that day.

17. Plaintiff again asked for the letter as aforestated. Oliver told her that he would fax a letter to her; however, Plaintiff informed him that her fax machine was not in operation that day, and asked that the letter be sent via mail instead.

18. Over the next several days, Plaintiff received numerous calls from Asset asking if she would settle the account. To these calls she replied that she wanted the aforesaid letter to show her attorney before she would agree to a deal.

19. Finally, Plaintiff told Asset that her attorney would deal with them, because she was no longer interested in having any further contact with Asset.

20. Despite the aforesaid, Plaintiff received a letter dated January 14, 2013 from Defendant Asset which stated, "Per our phone conversation on January 14, 2013, we came upon a settlement agreement of $772.00 to settle the above mentioned account." The current balance in the letter was $3,896.49. A true and correct copy of the afore-stated letter is attached hereto as "Exhibit A."

21. Upon receipt of the letter dated January 14, 2013, Plaintiff telephoned Defendant Asset and reiterated that she made it clear that there was no settlement and that they were to deal with her attorney.

22. A few days later, Plaintiff received a letter dated January 18, 2013 from Defendant Asset. The current balance on this letter was $3,900.42 and the letter stated, "This is a reminder that, according to our arrangements, your payment of $772.00 is due on 01/31/2013." A true and correct copy of the afore-stated letter is attached hereto as "Exhibit B."

23. Defendant has provided no documents allowing for their claim to interest.

24. Upon information and belief, Defendant does not have any documents connected to this account that would allow for the aforesaid claim to interest.

25. The afore-stated actions of Defendant are material, deceptive, false and misleading under the FDCPA in that, inter alia, each letter misrepresented the status of the debt including but not limited to:

    A. There was no settlement agreement between Plaintiff and Defendant;

    B. There was no phone call between Plaintiff and Defendant on January 14, 2014, as stated in the letter;

    C. Defendant attempted to collect amounts not authorized by law by inflating the amounts it was trying to collect.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et *seq.*

26. Plaintiff incorporates her allegations of paragraphs 1 through 25 as though set forth at length herein.

27. Defendant's actions as aforestated are materially, false, deceptive and misleading to Plaintiff as follows:

(a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(b) Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

(c) Defendant violated 15 U.S.C. § 1692e(2) by providing false or misleading representations in communications about the character, amount, or legal status of the alleged debt;

(d) Defendant violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt;

(e) Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law;

28. As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

29. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

30. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

32. Plaintiff incorporates her allegations of paragraphs 1 through 31 though set forth at length herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

34. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Victoria Burns, prays that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

                                            Respectfully submitted,

*/s/Mary Higgins*

                                   By: Mary Higgins, Esquire
                                   Attorney I.D. #4179
                                   1000 N. West St., Suite 1259
                                   Wilmington, DE  19801
                                   (Ph) 302-894-4357
                                   (Fx) 302-295-4801
                                   higginsmfm@gmail.com
                                   Attorney for Plaintiff Victoria Burns